IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARRY DAVID SWARTZWELDER, HC-7310, )
    Petitioner, )
     )
    v. ) 2:13-CV-1059
     )
JON D. FISHER, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Garry David Swartzwelder for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Garry David Swartzwelder, an inmate at the State Correctional Institution-Huntingdon has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Swartzwelder is presently serving a seven and a half to fifteen year sentence to be followed by a ten year period of probation following his conviction of involvement in an accident involving death or personal injury as a result of a July 1, 2006 motor vehicle accident and on charges of aggravated assault and resisting arrest as a result of a July 15, 2006 incident, at Nos. 1826 and 1827 of 2006 in the Court of Common Pleas of Butler County, Pennsylvania. This sentence was imposed on May 30, 2007.[1]

An appeal was taken to the Superior Court in which the issues presented were:

    I.    Did the trial court commit legal error or abuse its discretion by permitting a police officer who was not trained in accident reconstruction or established as an expert in accident reconstruction to provide testimony to establish where the defendant was seated in a vehicle based upon injuries received by the defendant?

---

[1] See: Petition at ¶¶ 1-6.

> II. Did the trial court commit legal error and/or abuse its discretion by denying defense counsel's motion for a mistrial based upon prejudicial open court statements made by a Commonwealth witness/police officer about defendant's twin brother in the presence of the jury?
>
> III. Did the trial court commit legal error and/or abuse its discretion by permitting prejudicial photos of victim to be viewed by the jury which outweighed any probative value?
>
> IV. Did the trial court commit legal error and/or abuse its discretion by denying defense counsel's request for a jury instruction for the lesser offense of simple assault?
>
> V. Did the trial court commit legal error and/or abuse its discretion by sustaining an objection by the Commonwealth regarding defense counsel's use of Commonwealth Exhibit 6 during cross examination of a nurse to establish that an injury may merely appear serious but in reality may not be serious?
>
> VI. Did the trial court commit legal error and/or abuse its discretion by denying defense counsel's motion for judgment of acquittal with regard to the charge of resisting arrest?[2]

On July 7, 2008 the judgment of sentence was affirmed.[3]

On April 7, 2009, Swartzwelder filed a post-conviction petition. That petition was granted in part and petitioner's sentence was corrected from his original 7 ½ to 15 year sentence to a 78-156 month period of incarceration on the aggravated assault count, to be followed by 84 months of probation. In all other respects, post-conviction relief was denied.[4] An appeal was taken to the Superior Court in which the issues presented were:

> 1. The PCRA court erred in concluding that joinder of the two criminal cases was appropriate under Pennsylvania Rule of Criminal Procedure 582 where the PCRA court declined to properly distinguish between that rules requirement that evidence of each of the offenses be admissible in a separate trial for the other and the defendant's intention to challenge the Commonwealth's evidence of the injuries produced by each incident.
>
> 2. The PCRA court lacked sufficient evidence to conclude that the pretrial counsel had any articulable trial strategy designed to benefit the defendant,

---

[2] See: Exhibit M to the answer. Since there is so much duplication in the record for ease of reference we will refer to the exhibits to the answer.
[3] See: Exhibit O to the answer.
[4] See: Exhibit W to the answer.

when he failed to file a motion to sever the two cases, where he had not
spoken to the defendant up to the day before the omnibus motion to sever was
due or thereafter.

3. The PCRA court erred when it concluded that it was reasonable trial strategy,
   and not prejudicial, to expose the defendant to having additional criminal
   charges tried before the same jury in order to obtain admission regarding
   Minda's injuries from the July 1, 2006, auto accident.

4. The PCRA court erred when it concluded that the defendant failed to establish
   at the PCRA hearing that, with the assistance of a medical expert testifying on
   the defendant's behalf, there was a reasonable probability the outcome of the
   trial would have been different.

5. The PCRA court erred when it concluded that trial counsel was not ineffective
   for not objecting to the bloody photographs on the basis that they were
   misleading, confusing and therefore not relevant because the blood obfuscated
   the face and the July 1, 2006 injuries could not be distinguished from the July
   15, 2006 injuries.

6. The PCRA court erred when it concluded that the defendant was not
   prejudiced by two outbursts in open court from the defendant's identical twin
   brother where one outburst distracted the jurors to the point of talking about it
   amongst themselves and where one outburst was characterized as a threat to
   the police officer who had testified earlier that day that the defendant had
   resisted arrest.

7. The trial court had rendered an illegal sentence in violation by sentencing the
   defendant to more [than] the maximum sentence; its attempt to correct the
   illegal sentence did not result in a legal sentence.[5]

On October 18, 2012, the denial of post-conviction relief was affirmed.[6]

A petition for allowance of appeal was filed in the Pennsylvania Supreme Court in which the questions presented were:

1. Whether all reviewing courts erred when they determined that, in essence, no
   amount of cumulative errors can establish a basis for post-conviction
   collateral relief contrary to the decisions of *Commonwealth v. Cronic*.

2. Whether all reviewing courts' analysis regarding prejudice erroneously
   employed an incorrect standard when they placed the burden of proof on the
   petitioner instead of the government; the reviewing courts' failure to apply a
   rebuttable presumption of prejudice is contrary to the governing law set forth

---

[5] See: Exhibit AA to the answer.
[6] See: Exhibit DD to the answer.

3

by the United States Supreme Court. *Caliendo v. Warden of California*, 365 F.d 691 (2004) (sic).

3. Whether all reviewing courts failed to acknowledge the cumulative impact of each of petitioner's counsel pursuant to *Showers v.* Beard; *Commonwealth v. Cronic* by the omissions or failures as stated in petitioner's statement of matters complained of on appeal[7].

Leave to appeal was denied on June 26, 2013.[8]

Swartzwelder filed a habeas corpus petition in this Court contending he is entitled to relief on the following grounds:

1. Ineffective counsel in failing to timely file motion for severance due to improper venue.

2. Ineffective counsel in failing to obtain an independent expert for the defense.

3. Due process violation in trial court's failure to instruct the required lesser-included offense of simple assault. Ineffective appellate counsel in his presentation of simple assault issue on direct appeal.

4. Due process violation when trial court failed to instruct the lesser included offense of aggravated assault-attempt as charged in the information. Ineffective counsel in failing to request charge on attempt.

5. Due process and fair trial violation by introduction of bloody photos of victim that lacked probative value. Ineffective counsel in failing to object to the bloody photographs of the victim's face based on the fact that they obfuscated the face and the July 1st injuries and were therefore misleading, confusing and irrelevant.

6. Due process violation in denial of mistrial based on disturbance involving petitioner's twin brother and outburst of prosecution witness/police officer in open court. Trial court failed to assess jury prejudice or give curative instruction. Ineffective counsel in failing to properly articulate his motion for mistrial based on two disturbances involving twin brother and trial counsel failed to properly develop the record for a meaningful appellate review.

7. Insufficient evidence to sustain the resisting arrest charge.

8. Cumulative effect of errors.[9]

---

[7] See: Exhibit EE to the answer.
[8] See: Exhibit II to the answer.
[9] See: Petition at pp.1-A to 1-B.

The background to these prosecutions is set forth in the October 18, 2012 Memorandum of the Superior Court citing the trial court's September 14, 2011 opinion:

> On July 1, 2006, the defendant, Donna Spare, and Laura Minda, who was the defendant's ex-paramour, were consuming alcohol at a few different bars. At approximately 2:00 A.M., the defendant who was driving Ms. Minda's vehicle, crashed into a telephone pole. Ms. Minda was struck in the face by an air bag, and the defendant drove away from the scene to a friend's home. Later that evening, Ms. Minda's daughter took Ms. Minda to the hospital, where it was determined Ms. Minda suffered minor injuries from the air bag.
>
> On July 15, 2006, during the early evening hours, the defendant, Ms. Minda, and Jim Acquivita were consuming alcohol in The Checkered Flag bar, and at some point, the trio purchased a twelve pack of beer and went to Mr. Acquivita's apartment. The apartment was located directly above The Checkered Flag. At a point during that evening, Ms. Minda left the apartment for a period of time, and when she returned, the defendant had left. Because Ms. Minda was tired, Mr. Acquivita offered her his bed, while he and his four-year-old son slept on the living room floor. After falling asleep, Ms. Minda was suddenly awoken by the defendant repeatedly punching and yelling at her. The defendant called her a whore and a slut, accused her of having sexual relations with Mr. Acquivita, and kicked her repeatedly after she fell out of the bed during the assault.
>
> During the attack, Ms. Minda called for Mr. Acquivita to assist her, but her cries for help were made in vain. With the defendant still striking and yelling at her, Ms. Minda crawled out of the apartment to the outside steps, where, luckily, then Lieutenant Corribe happened to be passing by. The defendant told Lieutenant Corribe that Ms. Minda had fallen down the steps; however, Ms. Minda indicated that the defendant had beaten her.
>
> The defendant was arrested and transported to the Butler City Police Station. While being escorted into the police station by Lieutenant Corribe, the defendant said, "get your f****** hands off my arm," spun around, and spit twice in the officer's face. Lieutenant Corribe pushed the defendant to the ground, where the defendant continued spitting on, struggling with, and kicking him. With the assistance of other officers, including Officer Grooms, the defendant was subdued and escorted into the police station.
>
> Meanwhile, Ms. Minda was taken to Butler Memorial Hospital and was later transferred by helicopter to Allegheny General Hospital. During that time, Ms. Minda was in and out of consciousness. As a result of the beating, Ms. Minda lost two front teeth, received stitches in her mouth, sustained multiple fractures to her face, including a broken nasal bone that caused disfigurement, suffered bleeding to the surface of her brain, and experienced soft tissue swelling. Following her release from the hospital, for at least two weeks, Ms. Minda had difficulty performing everyday tasks like bathing, dressing, and eating. For at least two

months following her release from the hospital, Ms. Minda suffered from severe headaches.

As a result of the July 1, 2006 incident, the defendant was charge with accidents involving death or personal injury as a misdemeanor and numerous summary offenses. As a result of the July 15, 2006 incident, the defendant was charged with aggravated assault, resisting arrest, and aggravated harassment. Represented by Attorney Michael Frisk, the defendant proceeded to a jury trial, and he was convicted of accidents involving death or personal injury with regard to the July 1, 2006 incident. With respect to the July 15, 2006 incident, the defendant was convicted of aggravated assault and resisting arrest. He was acquitted of the charge of aggravated harassment. On May 30, 2007, [the trial court] sentenced the defendant to an aggregate term of seven and one-half to fifteen years in prison (record references omitted).[10]

Petitioner's first six issues contain allegations of ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006). Additionally, federal courts must be "doubly deferential" to both the state court's determination and the actions of counsel. Burt v. Titlow, 134 S.Ct. 10 (2013).

---

[10] See: Exhibit DD to the answer at pp.2-4.

In his first issue, Swartzwelder contends that counsel was ineffective for failing to seek severance of the car accident from the assault charges. At the post-conviction hearing held on May 25, 2011 (Exhibit S to the answer), the Public Defender who initially represented petitioner testified that the petitioner had never suggested a severance of the charges testifying,

> My recollection was that Garry wanted the evidence of the first incident which was on July 1st of the DUI to come in for the obvious reasons ... that Garry felt that the injuries that, that occurred on this date of July 1st were what actually caused the injuries of July 15. These were already pre-existing, and he wanted that to be heard at the same time. So there was no, on his part there was no discussion about severing the cases, that he, he wanted them to remain joined for that reason....
>
> He seemed to, as I recall, he seemed to be pretty confident about it with the DUI, that the injuries occurred during the course of this DUI and he never in our discussions ever indicated to me that he wanted the cases severed. And I am sure we talked about it. But I don't think, I don't recall it as being a major issue, but that always was his theory, that was his defense...(TT. 5/25/11 at pp.49-50).

At trial petitioner was represented by privately retained counsel who testified at the post-conviction hearing as to the defense theory,

> Basically first and foremost that he did not inflict these injuries, but more importantly that there were injuries that had occurred to Ms. Minda at a date not even two weeks prior to that as a result of a car accident, and that those head and facial injuries were as a result of that car accident; that she did treat, she did have injuries to her nose, her face and that he believed that those injuries were in response to that, or a result of that... (TT. 5/25/11 at pp.62-63).

As a sound matter of defense strategy, not moving for a severance does not provide a basis for relief here. Rolan v. Vaughn, supra.

Petitioner next contends that counsel was ineffective for failing to call a medical expert at trial to testify as to the cause of the victim's injuries. At the post-conviction hearing, Ata Ulhaq, M.D. an emergency room physician was called upon to testify. He initially testified that it was his belief that the victim's subdural hematoma was caused by the car accident but that he had no evidence to substantiate his position (TT. 5/25/11 at pp.23, 31) and that he would have been available to testify at trial (TT. 5/25/11 pp.29-30). In reviewing this allegation, the Superior Court wrote:

> In light of trial evidence that Appellant not only punched Ms. Minda repeatedly but also kicked her as she lay on the ground, the qualified and somewhat speculative expert testimony offered by Dr. Ulhaq was insufficient to satisfy the

7

prejudice prong of the ineffectiveness standard … there exists no reasonable probability that such testimony would have moved a jury from a verdict based on direct evidence of Appellant's ferocious attack.[11]

The doctor's testimony was at best speculative and of little or no probative value. Rather, as a means of demonstrating the cause of the victim's injuries it provided no substantive support for the petitioner's argument that she sustained the injuries as a result of the July 1 car accident and not from his attack on July 15. Thus, the state court's conclusion on the probity of this evidence does not support a conclusion that a violation of federal law occurred and counsel cannot be deemed deficient for failing to introduce it.

Swartzwelder next argues that counsel was ineffective in failing to request a jury instruction on the lesser included offense of simple assault. This issue was raised on direct appeal as a matter of state law only[12] and as such does not provided a basis for relief here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Additionally, in reviewing this claim, the trial court wrote:

> The defendant failed to present any evidence that tended to negate any elements of the aggravated assault charge. The defendant admitted to having violent physical contact with the victim in this case. The Commonwealth presented evidence in several forms attesting to the severity of the injuries sustained by the victim as a result of that violent contact. Since the defendant failed to present any evidence that tended to call into question his guilt with respect to any element of the aggravated assault charge, the Court believes it would have been irrational for the jury in this case to have found the defendant not guilty of aggravated assault, contrary to the only presented evidence.[13]

Counsel cannot be deemed to have been ineffective for failing to raise a meritless argument. Real v. Shannon, 600 F.3d 302 (3d Cir. 2010).

Finally, in Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

---

[11] See: Exhibit DD to the answer at p.10,
[12] See: Exhibit M at p.12.
[13] See; Exhibit J to the answer at pp.4-5.

Because no such showing is made here, the petitioner has failed to pursue the available state court remedies on this issue and no further consideration of this issue is warranted here.

Petitioner's next argument is that counsel was ineffective for failing to request a jury instruction on attempted aggravated assault. Since this issue was never raised in any form in the state courts it is procedurally barred here. <u>Coleman supra.</u>

Petitioner next argues that counsel was ineffective for failing to object to the publication of the post-assault photos of the victim to the jury. In reviewing this claim, the Superior Court wrote:

> [T]he PCRA court determined that the photograph was relevant as a depiction of the brutal beating issued upon Ms. Minda. We agree. Regardless of whether a physician could make a definitive diagnosis as to the extent of injuries from the photograph, if the photograph accurately represented what Ms. Minda's face looked like immediately after the July 15 assault, the fact finder could infer both the level of brutality of the beating as well as Appellant's malicious intent in giving the bearing.[14]

Again, counsel cannot be deemed ineffective for failing to raise a frivolous issue. <u>Real v. Shannon</u>, <u>supra.</u>

Petitioner's next issue is that he was denied due process when the trial court failed to grant his motion for a mistrial after outbursts made by petitioner's twin brother and a prosecution witness, and additionally that counsel was ineffective for failing to develop a meaningful record for appellate review of this issue.

The background to this claim is set forth in the October 18, 2012 Memorandum of the Superior Court:

> Appellant's next claim of PCRA court error is based on the rejection of his claim that trial counsel ineffectively articulated a motion for mistrial based on open-court outburst in the presence of the jury. Specifically, a police officer who had previously testified against Appellant stood up and informed the judge in the presence of the jury that a member of the trial audience had just threatened him and called him a [expletive deleted]. During his open-court statement, the police officer never identified who the man was or what, if any, relationship he had with Appellant. As it was, the man implicated was Appellant's twin brother.
>
> On direct appeal, this Court rejected trial counsel's claim that the court erroneously denied his motion for mistrial. We concluded that because trial counsel failed to make the specific argument to the trial court that the jury strongly suspected that the person accused of the threat was Appellant's brother,

---
[14] See: Exhibit DD at p.12.

> he had failed to preserve the argument for review on the merits. Our review of the record, however, satisfied this Court, as it did the PCRA court, that the merits of this underlying claim did not support the grant of a mistrial.
>
> The record before us established that the court did, in fact, realize that the person in the audience responsible for periodically distracting behavior was Appellant's brother. See N.T. 4/17/07 at 130 (where court identifies the man as "Swartzwelder" and says he had better "tone it down or he'll not be watching it [the trial] any longer."). Moreover, and more important to the issue of the necessity of mistrial, the court had just engaged in a discussion with a juror during a recess on the brother's conduct. The juror had asked to address the court as to the fact that she and other jurors had noticed that a man resembling Appellant was a frequent distraction to the proceedings. The juror expressed the opinion, however, that it was but a distraction and would not affect the outcome of trial.
>
> In light of the juror's assurance that the distractions were just that, distractions, and did not threaten to inflame the jury to a verdict based on something other than properly admitted evidence, we reject Appellant's claim here that counsel's failure to raise a sufficiently specific motion for mistrial caused him prejudice. The officer simply advised the judge about something with which the jury was already familiar – that a man was disruptive and making inappropriate commentary during trial. Appellant has failed to establish that because of this allegation the jury would be incapable of rendering a fair verdict on the evidence presented.[15]

The petitioner's claim has two prongs: first that he was denied a fair trial as a result of the public statement of the police officer that he had been threatened by an individual identified as petitioner's twin brother, and secondly that counsel was ineffective in failing to make an adequate record to preserve these matters for appeal. As noted above, the trial court immediately inquired into the disturbances and determined that they were not prejudicial. This conclusion is entitled to a presumption of correctness here, Burt v. Titlow, supra; 28 U.S.C. § 2254(e)(1), and there is nothing in the record which counters the reasonableness of the trial court's determination.

Additionally, trial counsel did unsuccessfully move for a mistrial. Under Pennsylvania law, broad courtroom management discretion rests with the trial judge. Commonwealth v. Kocher, 529 Pa. 303 (1992). For this reason any claim involving courtroom conduct generally arises under state law and is not subject to federal review. Swarthout v. Cook, 131 S.Ct. 859 (2011). Thus, this claim does not provide a basis for relief here.

---

[15] See: Exhibit DD to the answer at pp. 12-14 (most record references omitted).

Petitioner next alleges that the evidence was insufficient to convict him of resisting arrest. The test applied is whether from the evidence presented any rational fact finder could determine guilty beyond a reasonable doubt. Cavazos v. Smith, 565 U.S. 1 (2011).

It is provided in 18 Pa.C.S.A. §5104 that:

> A person commits a misdemeanor … if, with the intent of preventing a public servant from effecting a lawful arrest, or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

As recited above, upon his apprehension, the petitioner spit at the police officer who pushed him to the ground whereupon the petitioner continued spitting, struggling and kicking the officer. Clearly, this testimony, if believed, was more than adequate to sustain a conviction for resisting arrest and this allegation does not provide a basis for relief here.

Finally, the petitioner contends he is entitled to relief as a result of the cumulative effect of the alleged errors. This claim was never presented to the appellate courts of the Commonwealth and for this reason is procedurally defaulted here. Coleman supra.

Because the petitioner has failed to demonstrate this his conviction was secured in violation of federal law as determined by the Supreme Court or involved an unreasonable application of those determinations, his petition here is without merit. Accordingly, it is recommended that the petition of Garry David Swartzwelder for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for relief exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: January 16, 2014